UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern Di... ... ... ... ...
... ... ...

SEP 2 9 2006

... ...
... ... ...
CLERK ... ... ... ... ...

CIVIL ACTION NO. 05-454-GWU

LATRENNA TURNER,                                    PLAINTIFF,


VS:                          MEMORANDUM OPINION


JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT,


### INTRODUCTION

Latrenna Turner brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI).  The case is before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R.

404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.  If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial

evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20

C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."   20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Turner, a 61 year-old former secretary/bookkeeper and dispatcher/plant manager with a high school education, suffered from impairments related to dysthymia, left shoulder bursitis, mild obstructive and restrictive lung condition, tobacco abuse, hypothyroidism, mild arthritis of the lumbosacral spine and varicose veins. (Tr. 242, 248). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 252-253). Since the claimant's past relevant work could still be performed, she could not be considered totally disabled. (Tr. 253).

The time frame pertinent to this appeal is important. Turner filed the DIB and SSI claims which are currently before the Court in March of 2001 alleging a disability onset date of July 17, 2000. (Tr. 73, 222). The claims were denied by the administration in an ALJ's decision which became final on February 27, 2002. (Tr. 13-20). The claimant appealed to Federal District Court. The undersigned reversed and remanded this denial decision on June 9, 2004, because the ALJ had relied upon the opinion of Dr. Hughes Helm, who was unlicensed in the Commonwealth of Kentucky at the time of his physical examination. (Tr. 265-274). While this appeal was pending in Federal District Court, Turner filed another application for DIB in April of 2004. (Tr. 241). The plaintiff was found disabled on this application with an onset date of March 1, 2004. (Tr. 241). Thus, the time period for this appeal for the purposes of DIB

runs from the July 17, 2000 alleged onset date through February 29, 2004. (Tr. 241). The time period for SSI consideration runs from the March 28, 2001 date of the filing of her SSI claim through February 29, 2004.[1]

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The undersigned finds no reversible error in the ALJ's handling of Turner's physical problems. The ALJ determined that the plaintiff could perform a light level work restricted from a full range by a number of mental limitations. (Tr. 252). The claimant has failed to meet her burden of proof by adducing evidence from the pertinent time period which contradicts this finding. No treating or examining physician of record, including the staff at Appalachian Regional Healthcare (Tr. 165-180, 325-364), Dr. Abdulkader Dahhan (Tr. 181-182, 378-400), Dr. Robert Searl (Tr. 221), and Dr. Stuart Eads (Tr. 374-377), identified the existence of more severe physical limitations than those found by the ALJ during the relevant time period. Dr. Dahhan noted that an x-ray of the patient's cervical spine was negative in February of 2002. (Tr. 383). Treatment notes from Appalachian revealed that a March, 2002 x-ray of Turner's lumbar spine was normal. (Tr. 354). A bilateral lower extremity Venous Duplex Scan that month revealed no evidence of deep vein thrombosis. (Tr. 347). A chest x-ray as well as a lung scan were normal. (Tr. 345-346). In August of 2002, a Ct Scan of the pelvis was normal as was a CT Scan of the abdomen. (Tr. 337-338). These reports provide substantial evidence to support the administrative decision.

---

[1]The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993).

Turner argues that the ALJ erred in failing to state the reasons why the opinion of Dr. Mark Vollenweider, an examining consultant, was not adopted. (Tr. 298-305). Dr. Vollenweider examined Turner in September of 2004. Thus, this report was dated well after the time period relevant to this appeal. The ALJ noted this report and stated that it was the basis for the award of benefits for the period beginning March 1, 2004. (Tr. 241). The ALJ implicitly indicated in her denial decision that the findings in this report did not "relate back" to the time period prior to February 29, 2004. (Tr. 241). Thus, under these circumstances, the undersigned finds that the reasons Dr. Vollenweider's report was not given controlling weight were adequately addressed in the administrative decision.

Turner also asserts that the ALJ erred in failing to state the reasons why the opinion of Joel Stenslie (Tr. 366-373), a physical therapist, was not adopted. Stenslie did not see the plaintiff until April of 2005. This was more than a year after the relevant time period and during a time frame when the claimant has been determined to have been disabled. Thus, this report would appear to have been of very limited relevance to the pertinent time period. Furthermore, Stenslie, as a physical therapist, was not an "acceptable medical source" whose opinion could be binding on the Commissioner under the federal regulations. 20 C.F.R. Section 404.1513. Therefore, under these circumstances, the Court finds any error to have been harmless.

The ALJ dealt properly with the evidence of record relating to Turner's mental condition. Psychologist William Rigby was the only mental health professional to examine the plaintiff during the relevant time period. Rigby diagnosed dysthymia and indicated that she would have a "fair" ability to tolerate work stresses. (Tr. 194). This finding was compatible with the numerous mental

limitations found by the ALJ.[2]  Therefore, substantial evidence supports this portion of the administrative decision.

The Court has determined that the ALJ properly determined Turner's residual functional capacity as being restricted  to light level work restricted from a full range by a such non-exertional restrictions as a "limited but satisfactory" ability to relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, handle instructions, behave in an emotionally stable manner, relate predictably in social situations or demonstrate reliability as well as a "seriously limited but not precluded" ability to behave in an emotionally stable manner.  (Tr. 252-253).  When these restrictions were presented to Vocational Expert James Miller, he indicated that the claimant's past work could still be performed and later identified a significant number of other jobs which could be performed as well.  (Tr. 418, 421).  Thus, substantial evidence supports the ALJ's finding that Turner could return to past work during the relevant time period.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _____29_____ day of September, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[2]The ALJ gave the plaintiff the benefit of the doubt by adopting the numerous mental restrictions identified by Psychologist Christopher Catt.  (Tr. 314-315).  Catt examined the claimant only in November of 2004, well after the pertinent time period.